

# THE ATTORNEY GENERAL
# OF TEXAS

October 21, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Roy Blake
Chairman
Administration Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No. JM-813

Re:  Whether money obtained by a sheriff as a result of the confiscation of contraband may be used to purchase a patrol car

Dear Senator Blake:

You ask whether money  the sheriff's office  obtained as the result of the sale of an airplane confiscated in  a marijuana raid  may  be expended  for  the purchase  of  a patrol car for the Cherokee County Sheriff's office.

Section 5.08, article 4476-15, V.T.C.S., provides:

> (f) All money,  securities,  certificates of deposit, negotiable instruments,  stocks, bonds, businesses  or business  investments, contractual rights,  real  estate,  personal property and other things of value, and  the proceeds from the sale of an item  described in this subsection that are forfeited to the seizing agencies of the  state or an  agency <u>or office of a political subdivision of  the state authorized  by  law  to  employ  peace officers</u> shall <u>be  deposited in  a  special fund  to  be  administered  by  the  seizing agencies  or  office  to  which  they  are forfeited</u>.  Except as otherwise provided  by this subsection', <u>expenditures from this fund shall be used  solely for the  investigation of any  alleged violations  of the  criminal laws of  this  state</u>. The  director  of  an agency of the state may use not more than 10 percent of the amount  credited to the  fund for the  prevention of  drug abuse  and  for treatment  of  persons with  drug-related problems. The  director  of  an agency  or office of a  political subdivision that  has

received funds under this section shall comply with the request of the governing body of the political subdivision to deposit not more than 10 percent of the amount credited to the fund into the treasury of the subdivision. The governing body of the subdivision shall use the funds received for the prevention of drug abuse and for treatment of persons with drug-related problems. Nothing in this subsection shall be construed to decrease the total salaries, expenses, and allowances which an agency or office is receiving from other sources at or from the time this subsection takes effect.

We will assume that the forfeiture of the airplane to the sheriff's office was in compliance with the procedures prescribed in article 4476-15.

Sheriffs and their deputies are peace officers as that term is defined in article 2.12(1) of the Texas Code of Criminal Procedure. Sheriffs have the authority to appoint deputies for their respective counties. Articles 6869, 6869b and 6869f, V.T.C.S. Thus, the sheriff's office is an office of a political subdivision authorized by law to employ peace officers.

The legislature has made it clear in section 5.08 that expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal law. While the sheriff may use a patrol car in the investigation of criminal law violations, he is charged with other noncriminal law duties which involve the use of a car, such as the service of civil process. Tex. R. Civ. Proc. R. 15. This office is not in a position to determine whether a car purchased by the sheriff from such funds will be used solely for alleged violations of the criminal law.

## S U M M A R Y

Expenditures from a fund the Sheriff of Cherokee County has received from forfeitures under section 5.08, article 4476-15, V.T.C.S. shall be used solely for the investigation of any alleged violations of the criminal law. This office is not in a position to determine whether a car

purchased from such funds will be used solely for alleged violations of the law.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General